UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TITUS TORIOLA,

                                       Plaintiff,                  NOT FOR PUBLICATION
                                                                        **ORDER**
                                                                         11-CV-3559 (CBA) (LB)

      -against-

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                                      Defendants.
----------------------------------------------------------X
**AMON, Chief United States District Judge**.

       On January 25, 2012, pro se plaintiff Titus Toriola, a New York City Department of Corrections ("DOC") Officer, filed a notice of voluntary withdrawal of his complaint in this Title VII action. The plaintiff also requested that this Court order the City of New York to return his personal handgun that allegedly was seized. The Court ordered the City to show cause why the Court should not order the return of the plaintiff's personal firearm.

       In response to the order to show cause, the City submitted the declaration of Michael Maurizi, Assistant Deputy Warden for the DOC and former Executive Officer of the Firearms and Tactics Unit ("FTU"). Maurizi explains that the DOC has a comprehensive Firearms Policy and Procedure Directive ("Firearms Policy"), effective June 12, 2006, that regulates the use of certain categories of firearms by DOC employees, including (1) Service Handguns, which are owned by the DOC and issued to on-duty members of service, and (2) Personal Handguns, which are certain authorized models of handguns that the DOC authorizes its members of service to carry for personal use. (See Maurizi Dec. ¶¶ 4-5; Firearms Policy, attached as Exhibit A to Maurizi Dec., at 2-3.)

The documents submitted by the City of New York show that in May 2008 the plaintiff received approval pursuant to the DOC Firearm Policy to acquire ownership of a personal handgun. (Maurizi Dec. Ex. B.) However, DOC Officers are required to annually requalify to use service firearms at the DOC gun range. (Maurizi Dec. Ex. A ¶ V(D)(1).) Moreover, a DOC Officer who purchases an authorized personal handgun must qualify that handgun at the gun range before he is authorized to carry it. (Id. ¶ IV(E)(1)(d).) If a DOC Officer fails to qualify at the gun range either with a service firearm or a personal handgun, DOC regulations require that the Officer immediately surrender all personal handguns to the DOC. (Id. ¶ V(D)(5).)

On February 24, 2009, the plaintiff failed his annual service firearm requalification test. (Chavis Dec. Ex. A.) Pursuant to the DOC Firearm Policy, he was required to surrender his personal handgun. (Maurizi Dec. Ex. A ¶ V(D)(5).) The City has submitted a Firearm Tracking System report for the plaintiff that indicates that he has failed his annual requalification test each year since he first failed in February 2009. (Chavis Dec. Ex. B.)

The documents submitted by the City of New York establish that the confiscation of the plaintiff's personal firearm was an employment decision undertaken pursuant to the DOC Firearm Policy. As far as the Court can tell, the plaintiff is still employed as a Corrections Officer and the Court declines to interfere with the DOC's enforcement of its policies concerning the possession and use of firearms by DOC Officers. The plaintiff's request that the Court order the defendant to release his personal handgun is denied.

SO ORDERED.

Dated:  Brooklyn, N.Y.
       March 12, 2012

                                              /s/
                                     Carol Bagley Amon
                                     Chief United States District Judge